OPINION
This timely appeal arises from the judgment entry of the Mahoning County Court of Common Pleas, Probate Division. The entry adopted a magistrate's decision which approved the wrongful death claim of Appellee, Estate of Rayford Dotson, over the objections of Appellant, Yvonne Franklin, Dotson's estranged daughter. For the following reasons, we affirm the judgment of the Probate Court.
On October 19, 1995, Richard LaBooth filed an application for authority to administer the estate of Rayford Dotson, who died intestate on October 21, 1994. The Probate Court appointed LaBooth as administrator of the estate in November of that year. The estate included an unliquidated wrongful death claim for an asbestos related injury. On January 9, 1998, LaBooth filed an application to approve a wrongful death settlement. A notice was sent to Denise Tarver, the decedent's daughter and next of kin, for a hearing set for February 19, 1998. At that hearing, Tarver indicated the possible existence of another daughter of the decedent and supplied Appellant's name to the court. Counsel for the estate was ordered to investigate the matter and to serve appropriate notice. On February 27, 1998, LaBooth, through counsel, filed a motion captioned, "Motion to reset hearing on wrongful death application; notice of hearing; service" wherein LaBooth requested a hearing on the application to approve the wrongful death settlement. On March 2, 1998, the Probate Court notified LaBooth, Tarver and Appellant by certified mail of a hearing scheduled for March 19, 1998. That notice stated: "Please take notice that on Thursday, the 19th day of March, 1998 at 11:00 o'clock A.M. a hearing will be held in this court concerning MOTION TO RESET HEARING ON WRONGFUL DEATH APPLICATION. This shall be your only notice in this cause."
On March 19, 1998, the Court approved the wrongful death settlement of $15,100.87. Distribution of the wrongful death proceeds except for attorney fees and reimbursement of funeral expenses was taken under advisement. There was service of this order to counsel for the estate and to Tarver. Appellant, who did not appear for the hearing, did not receive notice of this order.
By a magistrate's order filed on November 6, 1998, the balance of the wrongful death proceeds were awarded to Tarver. A copy of the order was sent to Appellant by regular mail on November 13, 1998. On November 16, 1998, the Probate Court filed a letter received from Appellant. The letter was an emotional appeal for a share of the wrongful death settlement based on the fact that the Appellant was the abandoned daughter of the decedent. The Probate Court filed this letter as an objection to the magistrate's decision. On January 8, 1999, the Probate Court filed a judgement entry adopting the magistrate's decision. The court stated that children of the decedent are rebuttably presumed to have been injured by the decedent's wrongful death but that Appellant's "objections" to the magistrate's decision demonstrated that she suffered no injury by virtue of her admission that the decedent was not a part of her life.
On February 5, 1999, Appellant filed an appeal to this Court. Her sole assignment of error alleges:
 "APPELLANT WAS NOT PROVIDED PROPER NOTICE OF THE HEARING ON MARCH 19, 1998 UNDER DUE PROCESS OF LAW AND APPELLANT WAS SUBSEQUENTLY DIVESTED OF HER PROPERTY CLAIM AGAINST DECEDENT'S WRONGFUL DEATH SETTLEMENT PROCEEDS BY THE COURT'S FINAL ORDER ON JANUARY 8, 1999 AFFIRMING AND ADOPTING THE MAGISTRATE'S DECISION OF NOVEMBER 6, 1998."
We begin by noting that the estate of Rayford Dotson has not filed a brief in this matter. Therefore, pursuant to App.R. 18 (C), we may accept Appellant's statement of the facts and issues as correct and reverse the Probate Court's judgement if Appellant's brief reasonably appears to sustain such action.
Appellant maintains that as an adult daughter of the decedent and next of kin of the decedent, she is presumed to have suffered damage by the wrongful death of her father. As such, she claims a legally protected property interest in her father's estate. Appellant states that due process requires that a party who has a legally protected property right is entitled to actual notice reasonably calculated to afford the individual the opportunity to take appropriate action to protect her interests in such a property right.
Appellant argues that the notice she received by certified mail stated no more than that a hearing would be held on March 19, 1998, concerning the "Motion to Reset Hearing on Wrongful Death Application." Appellant maintains that the notice makes no reference to the fact that a substantive hearing concerning the wrongful death distribution would be held on that date. Appellant argues that she was denied due process and ultimately divested of a property right by the lower court without being provided proper notice as to the substantive nature of the March 19, 1998, hearing. Based on the record herein, however, this assignment of error lacks merit.
Civ.R. 53(E)(3)(b) provides that, "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." In the present matter, the Probate Court generously accepted Appellant's informal letter as an objection to the magistrate's decision. In that letter, Appellant sought a portion of the wrongful death settlement based on the fact that she was the abandoned child of the decedent. The "objection" made no reference to the fact that she was not given adequate notice of the March 19, 1998, hearing. Errors arising at trial and not brought to the attention of the lower court when the error could have been avoided or corrected are waived, and cannot be raised on appeal. Goldfuss v. Davidson, (1997) 79 Ohio St.3d 116,121. Because Appellant failed to raise a "lack of notice" claim in her filing to the Probate Court she may not raise it now on appeal.
We are not, however, precluded from considering plain error in this case. However:
 "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."
 Goldfuss v. Davidson, syllabus of the court.
The public's confidence in the judicial system is not undermined by requiring a party to accept the results of their invited mistakes at trial, even when they go to "crucial matters."Id., 121.
 "Moreover, the determination of a miscarriage of justice is often subjective. Litigants whose cases have been thwarted by statutes of limitations or whose appeals have been dismissed for failure to timely file a notice of appeal may believe they have suffered a miscarriage of justice. Nevertheless, it is well established that failure to follow procedural rules can result in forfeiture of rights."
 Id., 122.
The parties, through their chosen counsel, bear responsibility for framing issues and for putting both the trial court and their opponent on notice. Id. Awarding relief for an unfavorable outcome based on poor trial strategy and miscalculations would unfairly shift the burden of the loss from the responsible party to the innocent opponent. Id.
In the present case, Appellant's "objections" indicate her understanding that her father's estate was in the process of being settled. Moreover, the record of this matter contains a return receipt from the notice of hearing which also indicates Appellant's awareness that the estate was to be administered by the court. Moreover, Appellant also admitted in her "objections" that she was aware that the March 19, 1998, hearing concerned the distribution of the funds.
Given Appellant's admissions that she was clearly aware of the administration of her father's estate prior to the actual distribution of the wrongful death settlement, and her failure to meet the procedural mandate to enter appropriate objections to the magistrate's decision, the outcome of the matter has no serious effect on basic fairness of the judicial process or the public perception of its legitimacy. Appellant, despite notice of the administration of the estate, chose not to intervene or seek legal representation in the matter until the within appeal. Nor did Appellant make any affirmative effort to represent herself or indicate her interest in the proceedings prior to submitting her emotional "objections" to the Probate Court. Applying the plain error standard in the present case would shift the burden of Appellant's inactions to her father's estate. We refuse to do so under the present circumstances.
For all the foregoing reasons, we hold that Appellant's assignment of error lacks merit and we affirm the judgment of the trial court.
DONOFRIO, J., Vukovich, J., concurs.